IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03510-CMA-KLM

PROFESSIONAL BULL RIDERS, INC., a Colorado corporation,

    Plaintiff,

v.

PERFECT BLEND INTERNATIONAL, LLC, a Florida limited liability company doing business as Perfect Blend International, Inc., and
ERNEST D. MURPHY,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Unopposed Motion for Transfer of Interest** [#32] (the "Motion"). On June 10, 2015, WME/IMG completed its acquisition of Plaintiff Professional Bull Riders, Inc. ("PBR, Inc."). In the process, PBR, Inc. was converted into a limited liability company named Professional Bull Riders, LLC ("PBR, LLC"). PBR, LLC is the successor in interest to PBR, Inc. [#32-2]. Plaintiff seeks a Court order transferring PBR, Inc.'s interest in this lawsuit to PBR, LLC and substituting PBR, LLC in place of PBR, Inc. as the plaintiff in this lawsuit.

    Fed. R. Civ. P. 25(c) governs the substitution of parties in the situation presented by this case. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." A "transfer of interest" in a corporate context "occurs when one corporation becomes the successor to another by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993); *see also DeVilliers v. Atlas Corp.*, 360 F.2d 292, 297 (10th Cir. 1966) (stating that a substitution of parties is proper in order to reflect merger); *Kanaji v. Phila. Child Guidance Ctr. of Children's Hosp.*, No. CIV. A. 00937, 2001 WL 708898, at *1 (E.D. Pa. June 20, 2001) (stating that the substitution of corporate defendants to reflect post-complaint merger is appropriate). Whether a substitution of a party should be permitted under Rule 25(c) is a matter for the exercise of the Court's discretion. *Med. Supply Chain, Inc. v. Neoforma, Inc.*, 322 F. App'x 630, 632 (10th Cir. 2009); *Prop–Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324

(10th Cir. 1978).

To the extent Plaintiff seeks a Court order transferring PBR, Inc.'s interest in this lawsuit to PBR, LLC, Rule 25(c) does not permit this action.  Regardless, this request is moot as the transfer of interest occurred when WME/IMG completed its acquisition of PBR, Inc. and converted it into PBR, LLC, as the foregoing case law demonstrates.  *See* [#32-2].  Plaintiff provides no case law to the contrary.  Thus, this request is moot.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#32] is **GRANTED in part and DENIED as moot in part**.  The Motion is **granted** to the extent that PBR, LLC is substituted in place of PBR, Inc. for all purposes as the plaintiff in this lawsuit.  The Motion is **denied as moot** to the extent that Plaintiff seeks a Court order transferring PBR, Inc.'s interest in this lawsuit to PBR, LLC.

IT IS FURTHER **ORDERED** that the Clerk of Court shall amend the electronic docket to reflect this substitution by replacing "Professional Bull Riders, Inc., a Colorado corporation," with "Professional Bull Riders, LLC," which shall retain Attorney Juliet Ann Cox and Attorney Neil L. Arney as its counsel of record.

Dated:  July 20, 2015