IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

PROFESSIONAL BULL RIDERS, INC.,
a Colorado corporation,

    Plaintiff,

v.                                       Case No. 14-CV-03510-KLM

PERFECT BLEND INTERNATIONAL, LLC
d/b/a
PERFECT BLEND INTERNATIONAL, INC.,
a Florida limited liability company,
and
ERNEST D. MURPHY,

    Defendants.

## SECOND STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Professional Bull Riders, Inc. and Defendants Perfect Blend International, LLC d/b/a Perfect Blend International, Inc. and Ernest D. Murphy, by and through their respective attorneys of record, hereby stipulate to entry of the following Second Protective Order to govern use and disclosure of confidential financial information (Defendants' bank statements) disclosed or produced in finalizing settlement of this matter:

### PROTECTIVE ORDER

The Parties recognize that, during the course of settling this action, it is necessary for Defendants to disclose certain confidential financial information to PBR. All Parties wish to ensure that any such confidential financial information shall not be used for any purpose other than

settling this action, shall not be made public, nor otherwise be disclosed or disseminated beyond the extent necessary for purposes of settling this action.

Accordingly, the Parties stipulate to and this Court orders the following procedures for protecting confidential financial information:

**A.** **Definition**

For purposes of this Protective Order, CONFIDENTIAL FINANCIAL INFORMATION means any financial statements, bank statements, or any other financial records, or any portion thereof, which are designated by Defendants as confidential because it or they contain confidential information.

**B.** **Designation of Information**

If Defendants intend to produce CONFIDENTIAL FINANCIAL INFORMATION or documents that they deem to contain or include CONFIDENTIAL FINANCIAL INFORMATION and wish such CONFIDENTIAL FINANCIAL INFORMATION to be subject to this Second Protective Order, Defendants shall designate confidentiality by marking the CONFIDENTIAL FINANCIAL INFORMATION "CONFIDENTIAL" at the time it is provided to PBR. Any copy made of such CONFIDENTIAL FINANCIAL INFORMATION shall also bear on its face the legend "CONFIDENTIAL." Such designation shall apply to all personal or business bank records provided by Defendants. Defendants may also add the notation "SUBJECT TO SECOND PROTECTIVE ORDER" to the designation of any CONFIDENTIAL FINANCIAL INFORMATION.

C. **Use of CONFIDENTIAL FINANCIAL INFORMATION**

All bank statements produced by Defendant in finalizing settlement of this action shall be maintained in confidence according to the terms of this Second Protective Order by the receiving Party and used solely in the finalizing settlement of this action. CONFIDENTIAL FINANCIAL INFORMATION and Defendants' bank statements shall only be disclosed by PBR to:

(a) Defendants and any current employees or other representatives of Defendants;

(b) up to three employees of PBR who review the documents for the purpose of finalizing settlement of this action, and in-house legal counsel advising PBR; and,

(c) outside counsel of record for PBR.

D. **Termination of Litigation or Settlement**

Within ninety (90) days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to Defendants all materials designated as CONFIDENTIAL FINANCIAL INFORMATION, and shall **destroy** any outlines, summaries, abstracts, compilations, memoranda, and the like, which constitute, embody, contain, or disclose the contents of any CONFIDENTIAL FINANCIAL INFORMATION; **except** that Counsel for PBR may retain one or more archival copies of materials that they believe are required to satisfy their ethical obligations to retain client- or case-related materials, provided all such retained materials remain subject to this Second Protective Order.

E. <u>**Obligations of Parties**</u>

PBR and its counsel of record undertake to abide by and be bound by the provisions of this Second Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

Nothing in this Second Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any bank statements or CONFIDENTIAL FINANCIAL INFORMATION, provided that such rendering of advice or opinions shall not unnecessarily reveal the content of such information except pursuant to this agreement or other prior written agreement with opposing counsel.

**ORDERED THIS** 24th **day of** March **2016.**

_____
Magistrate Judge Kristin L. Mix

Respectfully submitted this 11th day of March 2016 by:

| | |
|---|---|
| /s/ *Juliet A. Cox* | /s/ *Scott Thomas Kannady* |
| Juliet A. Cox | Scott Thomas Kannady |
| KUTAK ROCK LLP | Brown & Kannady, LLC |
| 1010 Grand Boulevard, Suite 500 | 2000 South Colorado Boulevard |
| Kansas City, MO 64106 | Tower 2, #2-440 |
| (816) 960-0090 Telephone | Denver, CO 80222 |
| (816) 960-0041 Facsimile | 303-757-3800 |
| juliet.cox@kutakrock.com | Email: Scott@brownlegal.com |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANTS** |

4